☑ AMENDED

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In re: **Cheryl Ann Bingham**　　　　　　　　　　　　　　　　　Case No. 18-22755

Debtors:　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13

## AMENDED CHAPTER 13 PLAN

**ADDRESS:** (1) 2249 Easton Dr.
Cordova, TN 38016　　　　　(2) _____

**PLAN PAYMENT:**

Debtor(1) shall pay $ **2,500.00**　　☐ weekly, ☐ every two weeks, ☐ semi-monthly, or ☑ monthly, by:
☑ PAYROLL DEDUCTION From: **Southwest Tennessee Community College**　　OR ( ) DIRECT PAY

Debtor(2) shall pay $ _____　　☐ weekly, ☐ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
☐ PAYROLL DEDUCTION From: _____　　OR ( ) DIRECT PAY

**1. THIS PLAN [Rule 3015.1 Notice]:**

　(A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]　　☑ YES　☐ NO
　(B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION　　☑ YES　☐ NO
　　OF THE COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]
　(C) AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12].　　☐ YES　☑ NO

**2. ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

**3. AUTO INSURANCE:** ☐ Included in Plan; OR ☑ Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

**4. DOMESTIC SUPPORT:**　　　　　　　　　　　　　　　　　　　　　　　　　　　Monthly Plan Payment:

None　　Paid by: ☐ Debtor(s) directly ☐ Wage Assignment, OR ☐ Trustee to:
　　　　ongoing payment begins _____　　　　　　　　　　　　　　$ _____
　　　　Approximate arrearage: _____

**5. PRIORITY CLAIMS:**

Internal Revenue Service　　　　　　Amount **1,452.00**　　　　　　$ **484.00**

**6. HOME MORTGAGE CLAIMS:** ☐ Paid directly by Debtor(s); OR ☑ Paid by Trustee to:

Orion Fcu/truhome　　ongoing payment begins July 2018　　　　　$1,219.00
　　　　　　　　　　Approximate arrearage: 16,269.94　　Interest 0.00　　$271.17

**7. SECURED CLAIMS:**

[Retain lien 11 U.S.C. §1325 (a)(5)]　　Value of Collateral:　　Rate of Interest　　Monthly Plan Payment:
**Wells Fargo Dealer Services**　　　　8,525.00　　　　　　　6.50　　　　　　$167.00

**8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

[Retain lien 11 U.S.C. §1325 (a)]　　Value of Collateral:　　Rate of Interest　　Monthly Plan Payment:
**-NONE-**　　　　　　　　　　　　_____　　　　　_____　　　$ _____

9. **SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**

-NONE-                              Collateral: _____

10. **SPECIAL CLASS UNSECURED CLAIMS:**

-NONE-        Amount: _____    Rate of Interest _____    Monthly Plan Payment: $_____

11. **STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**

None        ☐ Not provided for   OR   ☐ General unsecured creditor

12. **THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**

-NONE-

13. **ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

14. **ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: $35,944.00**

15. **THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

☐ 0.00 %, OR,
☑ THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

16. **THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**

None        ☐ Assumes  OR  ☐ Rejects.

17. **COMPLETION:** Plan shall be completed upon payment of the above, approximately **60** months.

18. **FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

19. **NON-STANDARD PROVISION(S):**

Standing Stay Modification

1. The automatic stay provided in 11 U.S.C. § 362(a) is modified in this case to permit affected secured creditors to contact the debtor about the status of insurance coverage on property used as collateral and, if there are direct payments being made to creditors, to allow affected secured creditors to contact the debtor in writing about any direct payment default and to require affected secured creditors to send statements, payment coupons, or other correspondence to the debtor that the creditor sends to its non-bankruptcy debtor customers. The secured creditor may also contact the debtor(s) in regards to loan modifications regarding the debt. If any modifications are agreed to the Bankruptcy Court will have to approve such modification. Such actions do not constitute violations of 11 U.S.C. § 362 (a).

2. **Per Rule 5009, once the secured portion of the liens on personal property have been satisfied, the Creditor will deliver to the Debtor a title to the property secured.** Upon the satisfaction or other discharge of the value of the secured portion claimed in a motor vehicle, mobile home, or in any other secured property of this estate in bankruptcy for which the certificate of title is in the possession of a secured party, the secured party shall within 30 days of receipt of the notice of the entry of the Discharge Order, pursuant to **Tennessee**

Code Annotated 66-25-102 execute a release of its security Interest on the said title or certificate and mail or deliver the certificate and release to the debtor or the attorney for the debtor.

    ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.

20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.

/s/ B. David Sweeney    Date March 30, 2018
B. David Sweeney 012821
Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)